**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **NO: 26-98** |
| **DEVIN COULTER** | **SECTION: “T” (5)** |

## ORDER AND REASONS

Before the Court is a Motion to Dismiss the Superseding Indictment (R. Doc. 34) filed by Defendant, Devin Coulter. Defendant’s Motion seeks dismissal of the Superseding Indictment in this matter, which charges him with one count of knowingly being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). R. Doc. 34. The Government has filed a response in opposition, R. Doc. 37, and Defendant has replied in support, R. Doc. 38. Having carefully considered the parties’ arguments, the record, and the applicable law, the Court DENIES Defendant’s Motion.

## I. BACKGROUND

On April 10, 2026, a grand jury indictment (the “Indictment”) was filed, charging Defendant with a violation of 18 U.S.C. § 922(g)(1). R. Doc. 1. Specifically, the Indictment alleges that, on or about January 6, 2026, the Defendant, “knowing that he had been convicted of crimes punishable by imprisonment for a term of one year . . . did knowingly possess a firearm, that is a Smith & Wesson, Model M&P 40, .40 caliber pistol, bearing serial number HWS9942, and ammunition.”[1] *Id.* at pp. 1–2.

[1] According to the Indictment, the crimes of which Defendant had been convicted that were punishable by

On July 22, 2026, Defendant filed a Motion to Dismiss Indictment, seeking dismissal of the Indictment on several grounds. R. Doc. 26. While briefing on Defendant's Motion to Dismiss Indictment was underway, the grand jury, on August 13, 2026, returned a Superseding Indictment (the "Superseding Indictment"). R. Doc 29.

The Superseding Indictment alleges that, on or about January 6, 2026, the Defendant, "knowing that he had been convicted of crimes punishable by imprisonment for a term exceeding one year . . . did knowingly possess a firearm, that is a Smith & Wesson, Model M&P 40, .40 caliber pistol, bearing serial number HWS9942, and ammunition, having been in and affecting interstate and foreign commerce in violation of 18 U.S.C. § 922(g)(1) and 924(a)(8)." R. Doc. 29, pp. 1–2. The Superseding Indictment also narrowed the predicate convictions identified in the original Indictment to just two prior felony convictions: "a conviction on November 17, 2022, in the Criminal District Court for the Parish of Orleans, Case Number 553-192, for simple robbery, in violation of LA-R.S. 14:65" and "a conviction on November 17, 2022, in the Criminal District Court for the Parish of Orleans, Case Number 550-931, for possession with the intent to distribute marijuana, in violation of LA-R.S. 40:966(B)(2)(a)." *Id.* at 1.

---

imprisonment for a term of one year include "a conviction on November 17, 2022, in the Criminal District Court for the Parish of Orleans, Case Number 553-707, for contributing to the delinquency of a juvenile, in violation of Louisiana Revised Statute 14:92; for possession of a firearm with an obliterated serial number, in violation of Louisiana Revised Statute 14:95.7; for unauthorized use of a motor vehicle, in violation of Louisiana Revised Statute 14:68.4; for illegal possession of a stolen firearm, in violation of Louisiana Revised Statute 14:69.1; for theft of a motor vehicle, in violation of Louisiana Revised Statute 14:67.26; and for illegal possession of a stolen automobile, in violation of Louisiana Revised Statute 14:69(B)(2); a conviction on November 17, 2022, in the Criminal District Court for the Parish of Orleans, Case Number 553-192, for simple robbery, in violation of Louisiana Revised Statute 14:65; a conviction on November 17, 2022, in the Criminal District Court for the Parish of Orleans, Case Number 551-672, for theft of a motor vehicle, in violation of Louisiana Revised Statute 14:67.26, and for illegal possession of stolen things, in violation of Louisiana Revised Statute 14:69(B)(3); a conviction on November 17, 2022, in the Criminal District Court for the Parish of Orleans, Case Number 550-931, for conspiracy to the illegal discharge of a weapon, in violation of Louisiana Revised Statute 14:(26)94F, for possession of tramadol, in violation of Louisiana Revised Statute 40:969(C)(2), and for possession with the intent to distribute marijuana, in violation of Louisiana Revised Statute 40:966(B)(2)(a); and a conviction on October 17, 2019, in the 24th Judicial District Court for the Parish of Jefferson, Case Number 19-4275, for possession of contraband in a correctional facility, in violation of Louisiana Revised Statute 14:402." R. Doc. 1, pp. 1-2.

On August 20, 2026, Defendant filed the instant Motion to Dismiss the Superseding Indictment. R. Doc. 34. Defendant principally argues that § 922(g)(1) is unconstitutional under principles of separation of powers, and that the Fifth Circuit has not addressed whether a "case-by-case application of § 922(g)(1) in the Second Amendment context violates separation of powers principles." *Id.* at 1 citing *United States v. Celestine*, No. 25-30506, 2026 WL 1349581 (5th Cir. May 14, 2026), *petition for cert. filed*, No. 26-5311 (U.S. Aug. 12, 2026). Defendant raises additional challenges he acknowledges are presently foreclosed in the Fifth Circuit to preserve those challenges for appellate review.[2] *Id.* at 10–17.

The Government opposes Defendant's Motion, arguing the Fifth Circuit's as-applied framework constitutes permissible constitutional adjudication rather than judicial legislation and that Defendant's predicate convictions fall within categories for which § 922(g)(1) may be constitutionally enforced. R. Doc. 37, p. 2. The Government did not address Defendant's foreclosed arguments. In reply, Defendant maintains the Fifth Circuit's approach impermissibly rewrites the statute because § 922(g)(1)'s text contains no limitation based on the nature of the predicate felony. R. Doc. 38, pp. 2–4. Defendant's Motion is now submitted to the Court.

## II. LAW AND ANALYSIS

### *a. Legal Standard*

"A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Additionally, Rule 12(b)(3) provides:

> The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits:

[2] Defendant's foreclosed arguments are that § 922(g)(1) is unconstitutional (i) under the Second Amendment facially and as applied to Defendant; (ii) violates the Commerce Clause; and (iii) is unconstitutionally vague and violates the Fifth Amendment. R. Doc. 34-1, p. 2.

* * *

(B) a defect in the indictment or information [for:]

* * *

(v) failure to state an offense[.]

Fed. R. Crim. P. 12(b)(3)(B)(v). "A criminal defendant may use Rule 12(b)(1) to challenge the constitutionality of the charged statutes." *United States v. Fairley*, No. 3:25-CR-54-KHJ-LGI-1, 2025 WL 2042769, at *1 (S.D. Miss. July 21, 2025), *aff'd,* No. 26-60047, 2026 WL 2655139 (5th Cir. Sept. 9, 2026).

***b. Separation of Powers***

Defendant's primary argument is § 922(g)(1) is unconstitutional because it violates the principles of separation of powers. Defendant does not contend § 922(g)(1) is vague. Rather, Defendant argues the text of § 922(g)(1) is unambiguous and broad because it applies to every person previously convicted of any felony. R. Doc. 38, p. 2–3. Defendant contends the judiciary is violating the separation of powers by selectively applying § 922(g)(1) only to certain defendants who previously had committed certain predicate offenses. *Id.*

"[C]ourts may impose restrictions on statutes without violating separation of powers principles. The Supreme Court has instructed that when a court narrows a 'federal statute[] to avoid constitutional shoals,' the court does 'not legislate, but instead *respects the legislature*, by preserving a statute through a limiting interpretation.'" *United States v. Jenkins*, No. CR 24-203, 2025 WL 1634747, at *6 (E.D. La. June 9, 2025) (quoting *Skilling v. United States*, 561 U.S. 358, 409 (2010)).

Under *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022), the Supreme Court held that courts must determine whether the Second Amendment's plain text covers a

defendant's conduct. If it does, "the Constitution presumptively protects that conduct," and the burden switches to the Government to "demonstrate that the regulation is consistent with this Nation's historical tradition of firearm regulation." *Id.* "Only if a firearm regulation is consistent with this Nation's historical tradition may a court conclude that the individual's conduct falls outside the Second Amendment's 'unqualified command.'" *Id.* (citing *Konigsberg v. State Bar of Cal.*, 366 U.S. 36, 50, n.10 (1961)).

The Fifth Circuit has held that "[t]he plain text of the Second Amendment covers the conduct prohibited by § 922(g)(1)." *United States v. Jenkins*, No. CR 24-203, 2025 WL 1634747, at *3 (E.D. La. June 9, 2025) (citing *United States v. Diaz*, 116 F.4th 458, 467 (5th Cir. 2024), *cert. denied,* 145 S. Ct. 2822 (2025)). The remaining question is whether the Defendant's predicate offenses–simple robbery and possession with intent to distribute marijuana–fall within the Nation's historical tradition of firearm regulation. *See id.*

"The Second Amendment allows Congress to disarm classes of people it reasonably deems dangerous." *United States v. Lewis*, No. 25-30586, 2026 WL 2621237, at *2 (5th Cir. Sept. 4, 2026) (citing *United States v. Kimble*, 142 F.4th 308, 314–15 (5th Cir. 2025)). "As the Fifth Circuit has recognized, this Nation has a history of disarming individuals who are 'deemed a threat to public safety and the orderly functioning of society.'" *Jenkins*, 2025 WL 1634747, at *4 (quoting *United States v. Schnur*, 132 F.4th 863, 869 (5th Cir. 2025)). Thus, "this Nation's 'tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the safety of others.'" *Id.* (quoting *United States v. Rahimi*, 602 U.S. 680, 700, (2024)). The Fifth Circuit further has found a "conviction for a 'crime of violence' indicates that [the defendant] poses a threat to public safety and the orderly functioning of society." *Id.* (citing *Schnur*, 132 F.4th at 870).

To be convicted of simple robbery, the state must prove the defendant took "anything of value belonging to another from the person of another or that [was] in the immediate control of another by *use of force* or intimidation but not armed with a dangerous weapon." La. Rev. Stat. § 14:65(A) (emphasis added). Although an individual need not be armed with a dangerous weapon to be convicted of the crime of simple robbery, the "Fifth Circuit has found that violent offenses committed without the aid of a firearm remain crimes of violence that may indicate that the defendant poses a threat to public safety such that the regulation of that person's ability to possess a firearm is consistent with the Nation's historical tradition of firearm regulation." *See Jenkins*, 2025 WL 1634747, at *4 (citing *Schnur*, 132 F.4th at 870). Additionally, Louisiana law expressly classifies "simple robbery" as a "crime of violence." La. Rev. Stat. § 14:3(B)(23).

The Court thus finds Defendant's previous conviction for simple robbery to be a crime of violence subjecting the Defendant to the provisions of § 922(g)(1). The Court, therefore, need not consider the Defendant's prior conviction for possession with intent to distribute marijuana.

***c. Foreclosed Arguments***

Defendant raises additional arguments that § 922(g)(1) violates the Second Amendment on facial and as-applied grounds, that it exceeds Congress's authority under the Commerce Clause, and that it is unconstitutionally vague. R. Doc. 34-1, pp. 11–17. Defendant concedes these remaining arguments are foreclosed by Fifth Circuit precedent and that he presents his arguments here solely to preserve them for appellate review. R. Doc. 34-1.

## III. CONCLUSION

The Court thus finds application of § 922(g)(1) to the Defendant does not violate separation of powers principles or the Defendant's constitutional rights. Defendant's previous conviction for simple robbery is a crime of violence subjecting the Defendant to the provisions of § 922(g)(1).

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss the Superseding Indictment (R. Doc. 34) filed by Defendant, Devin Coulter, is **DENIED**.

New Orleans, Louisiana, this 21st day of October 2026.

GREG GERARD GUIDRY
UNITED STATES DISTRICT JUDGE